UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TOYE ELKINS,**<br>        Plaintiff,<br><br>v.<br><br>**HARRIS HEALTH SYSTEM**<br>        Defendant. | Civil Action<br><br>_____<br><br>Jury Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

## 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant HARRIS HEALTH SYSTEM discriminated and retaliated against Plaintiff when Defendant, HARRIS HEALTH SYSTEM took adverse personnel actions against Plaintiff and continued to retaliate against Plaintiff after her employment was wrongfully terminated.

1.2. COMES NOW, TOYE ELKINS, (hereinafter referred to as "Plaintiff") complaining of and against HARRIS HEALTH SYSTEM (hereinafter referred to as "Defendant" or "Harris Health), and for cause of action respectfully shows the court the following:

## 2. PARTIES

2.1. Plaintiff is an individual and former employee of Defendant's who resides in Harris County, Texas.

2.2. Defendant HARRIS HEALTH an employer and county agency located in Harris County, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and employs more than 20 regular employees. Harris Health System is a

governmental entity with taxing authority that owns and operates three hospitals and numerous clinics throughout Harris County, Texas, United States, including the city of Houston. and may be served by serving its CEO George Masi at 2525 Holly Hall Houston, Texas 77054.

### 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendant maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and the American's with Disabilities Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to the American's with Disabilities Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to the American's with Disabilities Act, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and the American's with Disabilities Act, as amended.

3.6. Compensatory damages may be awarded pursuant to the American's with Disabilities Act, as amended.

### 4. STATEMENT OF THE CASE

4.1. Plaintiff, Toye Elkins is a female over 40 years of age. Defendant thought she was such a good employee that they hired her twice; the second time after a reduction in force.

4.2. Plaintiff worked as an Administrative Assistant II with an excellent record for Defendant over a 12-year employment history. As a timekeeper Plaintiff I was well aware of the time keeping system used by Defendant.

4.3  Defendant failed to direct Plaintiff to put notes in for edits to time keeping. Plaintiff always maintained emails as the backup support. Defendant wholly refused to let Plaintiff show them. Ms. Elkins' managers approved all edits and maintained the ultimate responsibility on these issues.

4.4  Plaintiff never falsified any documents or was dishonest with the time keeping system.

4.5  Defendant never wrote Plaintiff up, disciplined her or informed her of any issues with her timekeeping.

4.6  Plaintiff informed Defendant that she was going out on protected Family Medical Leave for surgery.

4.7  It was only after Plaintiff informed Defendant of a serious medical condition that would affect her ability to work that Respondent falsified and created a reason for firing her.

4.8  Defendant suspended Plaintiff and terminated her on September 23, 2016. Defendant's reason for firing Plaintiff were false and pretexual and covering for the real reason - Plaintiff's disability, perceived disability or record of disability and protected activity.

4.9  In reality, Plaintiff saw her physician on August 17 and September 1, 2016, where it was discussed that Plaintiff had a possible infection from her knee implant and that the implant may have mechanically failed.

4.10  Plaintiff knew about this surgery when she applied for FMLA on August 28, 2016 and did not run to file FMLA or have surgery after she was put on a fabricated suspension.

4.11  Plaintiff also told Tanya Stringer about the possible infection and surgery and possibly being out for several months on September 9, 2019. Ms. Stringer told Plaintiff she didn't know what she was going to do without her for that for that long.

4.12  Then Defendant fired Plaintiff.

4.13  Defendant has discriminated and retaliated against Plaintiff in violation of The Americans with Disabilities Act, as amended based on her disability, record of disability or perceived

disability. Defendant has retaliated against Plaintiff after Plaintiff requested accommodations and time off in the form of Family and Medical Leave in violation of The Americans with Disabilities Act, as amended based on her disability, record of disability or perceived disability.

## 5. TIMELINESS

5.1. Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.

## 6. ADMINISTRATIVE CONDITIONS PRECEDENT

6.1. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7. DAMAGES

7.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8. ATTORNEY'S FEES

8.1. Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the

following relief:

9.1.1.   Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein including benefits;

9.1.2.   Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

9.1.3.   Judgment against Defendant, for front pay by Plaintiff as alleged herein;

9.1.4.   Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5.   Pre-judgment interest at the highest legal rate;

9.1.6.   Post-judgment interest at the highest legal rate until paid;

9.1.7.   Damages for mental pain and mental anguish;

9.1.8.   Compensatory damages;

9.1.9.   Attorney's fees;

9.1.10.  All costs of court expended herein;

9.1.11.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF'S ORIGINAL COMPLAINT**